UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/05

------------------------------------x

JOSEPH OVADIA, et al.

           Plaintiffs,

- against -

TOP TEN JEWELRY CORP.,

           Defendant.

------------------------------------x
------------------------------------x

JOSEPH OVADIA, et al.

           Plaintiffs,

- against -

MING FUNG JEWELRY CORP.,

           Defendant.

------------------------------------x

04 Civ. 2690 (RJH)(MHD)

04 Civ. 2692 (RWS)

**MEMORANDUM**
**OPINION AND ORDER**

These are closely related patent infringement actions. In both cases, plaintiffs Joseph Ovadia and the Ovadia Corporation allege that either Top Ten Jewelry or Ming Fung Jewelry used, sold and induced others to use certain of plaintiffs' patented jewelry cases during the "JA Winter Show", a trade show held at the Jacob J. Javits Convention Center from January 25-27, 2004; each complaint also invokes the same five patents: U.S. Patent No. 5,649,625 (the "'625 Patent"), U.S. Patent No. 5,758,765 (the "'765 Patent") U.S. Patent No. 5,775,484 (the "'484 Patent") U.S. Patent No. 5,913,417 (the "'417 Patent") and U.S. Patent No. 5,957,274 (the "'274 Patent").

1

Despite these similarities, the second of the above-captioned actions was originally assigned to Judge Sweet. By Opinion dated January 12, 2005, Judge Sweet granted in part and denied in part Ming Fung's motion for summary judgment, finding insufficient evidence to support plaintiffs' *sale* and *inducement* claims, and plaintiff's *continued use, sale, and inducement* claims, but concluding that a genuine issue of fact remained with respect to plaintiffs' *use* claims stemming from the JA Winter Show.

Defendant Top Ten now moves this Court to consolidate the above-captioned actions for trial. Plaintiff opposes this motion on the ground that consolidation must be deferred until the Court resolves a pending motion for partial summary judgment in case No. 04 Civ. 2690. The Court disagrees, and orders the cases consolidated for all purposes.

## Consolidation

Rule 42(a) provides that a court may order actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). In determining the propriety of consolidation, district courts have "broad discretion", although consolidation is favored where supported by "considerations of judicial economy." *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (citations and quotations omitted). Consolidation is particularly appropriate where, as in this case, the complaints contain nearly identical allegations, involve many of the same parties, and would not prejudice the plaintiff(s).

Both Top Ten Jewelry Corporation and Ming Fung Jewelry Corporation are jewelry wholesale companies jointly owned by Ming Fung and Winnie Fung. (Feb. 1, 2005 Aff. of John L. Moncrief, ¶(3)(b)). The allegations against each are substantially

similar – plaintiffs brought both cases pursuant to 35 U.S.C. § 385, and each case involves the same five patents, which were purportedly violated at the same place and at the same time.[1] Further, should either case go to trial, plaintiffs' proof of infringement will be the same, namely, visits to booths allegedly owned and operated by Top Ten and Ming Fung at the JA Winter Show. For all of these reasons, the Court finds that consolidation of the two actions will avoid unnecessary cost or delay, will not prejudice plaintiffs, and will otherwise promote judicial economy. Accordingly, the Court orders that the actions be consolidated pursuant to Rule 42(a). The caption of these consolidated actions shall hereinafter be referred to as "*Joseph Ovadia et al. v. Top Ten Jewelry Corp., et al.*" All relevant documents and submissions shall be maintained as one file under Master File No. 04 Civ. 2690 (RJH).

SO ORDERED.

Dated: New York, New York
June 3, 2005

Richard J. Holwell
United States District Judge

---

[1] Indeed, these are two of a larger group of fifteen substantially similar patent infringement cases filed by plaintiffs in the wake of the JA Winter Show. *See Ovadia v. Ming Fung Jewelry Corp.*, 04 cv. 2692, 2005 WL 78584, at *1 n.1 (S.D.N.Y. Jan. 12, 2005) (collecting cases).